UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LUTHER ARTHUR HORN, III,

   Plaintiff,

v.                                                      Case No. 3:24cv296-LC-HTC

JUDGE KEVIN WELLS, et al.,

   Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff Luther Arthur Horn, III, a prisoner proceeding *pro se*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983, Doc. 1, and an application to proceed *in forma pauperis*, Doc. 2. Upon consideration, the undersigned recommends this case be dismissed (1) under 28 U.S.C. § 1915(g) because Plaintiff is barred from proceeding *in forma pauperis*, has failed to pay the filing fee with the initiation of this suit, and is not under imminent danger of serious physical injury; (2) under 28 U.S.C. § 1915A(b)(1) as malicious for failure to truthfully disclose his litigation history; and (3) under 28 U.S.C. § 1915A(b)(2) for seeking monetary relief against defendants who are immune from such relief.

I.    **LEGAL STANDARD**

Because Plaintiff is seeking to proceed *in forma pauperis* and is also a prisoner seeking relief from government employees, the Court must dismiss his complaint,

or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

## II. DISCUSSION

Plaintiff filed a civil rights complaint against five Walton County judges, seeking monetary damages and alleging they violated his First, Fourteenth, and Sixth Amendment rights during their judicial roles in his cases from 2014 to 2024. Doc. 1 at 9-15. This complaint is subject to dismissal for the following reasons.

### A. **Plaintiff Is A Three-Striker Under 28 U.S.C. § 1915(g)**.

Under the PLRA, a prisoner who has filed a civil action which has been dismissed as malicious or frivolous or for failure to state a claim at least 3 times is barred from proceeding *in forma pauperis*, unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee when he initiates suit).

The Court takes judicial notice that when Plaintiff filed the instant suit he had previously brought at least three (3) federal actions or appeals as a prisoner which were dismissed for failure to state a claim, as malicious or as frivolous. *See Horn v.*

*Clay Adkinson, et al.*, 3:19-cv-01653-LC-EMT (N.D. Fla.) (dismissing claims for lack of standing; res judicata; failure to state a plausible claim for relief; and barred by Florida's statute of limitations); *Horn v. Florida Department Law Enforcement et al.*, 3:19-cv-01860-MCR-EMT (N.D. Fla.) (dismissed "as malicious, pursuant to 28 U.S.C. § 1915A(b)(1)"); and *Horn v. Wells et al.*, 3:23-cv-00991-MCR-ZCB (dismissed on June 4, 2024, "under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim"). All the above cases bear Plaintiff's name and his FDOC inmate number (P14932).

Because Plaintiff is a three-striker, he may not litigate this case *in forma pauperis* unless he can demonstrate he is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Plaintiff, however, cannot make this showing. Plaintiff does not bring this suit to protect himself from imminent physical harm; instead, he sues the judges involved in his cases from 2014 to 2024 for their decisions or conduct in his cases. Thus, Plaintiff cannot proceed *in forma pauperis* and because he did not pay the filing fee when he filed this action, it must be dismissed. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)").

**B.     Plaintiff Failed to Truthfully Disclose His Prior Litigation History**.

Plaintiff was asked on the complaint form in Section VIII to disclose his litigation history. In Question A, Plaintiff was asked if he "had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service." Doc. 1 at 19. While Horn identified some cases, his answer was not truthful because he did not disclose that *Horn v. Wells Et Al*, 3:23-cv-00991-MCR-ZCB, was "DISMISSED under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim." Doc. 38 in 3:23cv991.

The complaint form warned Horn "that failure to disclose all prior state and federal cases – including, but not limited to civil cases, habeas cases, and appeals – may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified." Doc. 1 at 18. Despite failing to truthfully disclose his litigation history, Plaintiff signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." Doc. 1 at 23. Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards when interacting with the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or

motion filed before it. If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.

An appropriate sanction for Plaintiff's failure to provide the Court with true factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing the case without prejudice when prisoner failed to disclose one prior federal case that was dismissed under 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). As one district judge from this District stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and

the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

### C. Defendants Are Immune from Liability.

As stated above, Plaintiff sues five (5) judges. Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the "'clear absence of all jurisdiction.'" *Stump v. Sparkman,* 435 U.S. 349, 356–57 (1978); *Simmons v. Conger*, 86 F.3d 1080, 1084–85 (11th Cir. 1996). This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction. *See Stump,* 435 U.S. at 356.

Here, Horn complains of various actions the judges took while acting in their judicial capacities in his cases. None of his claims come anywhere close to showing the judges acted in clear absence of jurisdiction. Therefore, the Defendants are absolutely immune from monetary damages, the only relief Plaintiff seeks.

Accordingly, it is RECOMMENDED:

1.   That this case be DISMISSED (1) pursuant to 28 U.S.C. § 1915(g) because Plaintiff is a 3-striker who is barred from proceeding *in forma pauperis* and

who did not pay the filing fee when he filed this action; (2) pursuant to 28 U.S.C. § 1915A(b)(1) as malicious for failure to truthfully disclose his litigation history; and (3) pursuant to 28 U.S.C. § 1915A(b)(2) because it seeks monetary relief from defendants who are immune from such relief.

2. That the clerk close the file.

At Pensacola, Florida, this 1st day of July, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.